JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

**Filed On
9/12/08**

| In re | Case No. A08-00285-HAR |
|---|---|
| KATHLEEN KINNE NELSON, | In Chapter 7 |
| Debtor(s) | MEMORANDUM REGARDING  DENIAL OF APPROVAL OF REAFFIRMATION AGREEMENTS |

    This memorandum involves the concept of a "backdoor ride-through" which neither party raised, much less briefed.[1]  I would like to explain the concept, which is my reason for denying approval of two reaffirmation agreements, but I am not foreclosing either party from supporting or contesting the concept in some subsequent proceeding.

    I would caution the two reaffirmation creditors that it would be wise to get a bankruptcy court ruling about the validity of the backdoor ride-thorough doctrine first before foreclosing or they might be violating the discharge injunction[2] if they do foreclose and later find that the concept *is* valid.

    A reaffirmation hearing pursuant to 11 USC § 524(m) was held on September 12, 2008, to consider approval of two reaffirmation agreements between debtor and:  (a) Toyota Motor Credit

---

[1] *See*, Christopher M. Hogan, *Will Ride-Through Ride Again*, 108 Columbia Law Review 882, 917-920 (2008).

[2] 11 USC § 524(a).

Corporation[3] involving a car, on the one hand; and, (b) Wells Fargo Financial Alaska, Inc.[4] involving a residence, on the other.

In Part D of the Toyota Motor Credit reaffirmation agreement, debtor shows a shortfall in the amount necessary to make the payment – payments are $450.88 and debtor shows only $176.25 available to make them – but, debtor says "I shall juggle expenses from month to month to be sure to make these payments." In Part D of the Wells Fargo agreement, debtor also shows a shortfall – payments are $1,674.34 per month and debtor shows only $1,399.05 available to make them – but, debtor says "I can shift payments to make this work." And, debtor says she is current. Apparently Wells Fargo deferred one payment and added it to the end of the contract to encourage reaffirmation. I do not see how debtor can reliably make the payments (but, I will grant the debtor 20 days to file new financial information to show that she can).

Before the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), the 9th Circuit allowed a chapter 7 debtor to avoid a foreclosure or repossession after receiving a discharge even without a reaffirmation under the former version of 11 USC § 524 or a redemption under 11 USC § 722 by remaining current on the obligation. This was called the "ride-through." Even though not explicitly spelled out in the pre-BAPCPA Bankruptcy Code, the 9th Circuit said in the Parker case that a debtor was entitled to the benefit of the ride-through concept.[5]

After BAPCPA, the 9th Circuit Bankruptcy Appellate Panel held in In re Dumont that the Parker ride-through concept no longer applied with respect to reaffirmation of a car loan.[6] But, Dumont involved a debtor that had not entered or filed a reaffirmation agreement. The Dumont

---

[3] Docket No. 22.

[4] Docket No. 23.

[5] In re Parker, 139 F3d 668 (9th Cir 1998).

[6] In re Dumont, 383 BR 481 (9th Cir BAP 2008).

MEMORANDUM REGARDING DENIAL OF
APPROVAL OF REAFFIRMATION AGREEMENTS                                                        Page 2 of 4

court came to its conclusion by analyzing and trying to harmonize a number of different sections of the post-BAPCPA Bankruptcy Code: 11 USC §§ 362(h) [relating only to personal property], 521(a)(2), 521(a)(6). It concluded that an *ipso facto* clause providing that the filing of a bankruptcy is itself a default under debtor's personal property security agreement which is enforceable after entry of a discharge because no reaffirmation agreement had been offered for approval, even though the payments are current.

One of the cases Dumont relied on in reaching its conclusion that the ride-through did not survive BAPCPA was In re Moustafi.[7] Unlike Dumont, however, the debtor in Moustafi *did* file a reaffirmation agreement for a car which the bankruptcy court did not approve under 11 USC § 524(m), because it was not in the debtor's best interest.[8]

I believe the debtor, Ms. Nelson, is likely protected by the "backdoor ride-through" doctrine with respect to the car financed by Toyota Motor Credit. This is not a holding, however, since neither party has had the opportunity to brief the issue.

With respect to the Wells Fargo real estate loan, I do not believe Parker has been overruled. I also believe that a rational real estate lender like Wells Fargo would not seek a deficiency against debtor in any event, even though her schedules show the property is only worth $155,400 and the secured debt is over $183,000.[9] Almost certainly a foreclosure under Alaska law would be done by nonjudicial means, which would waive a deficiency in any event.[10]

---

[7] In re Moustafi, 371 BR 434 (Bankr D AZ 2007).

[8] 11 USC § 524(c)(6) applying to debtor's who are not represented by counsel and requires the court to find the reaffirmation is both in debtor's best interest and will not create an undue hardship on debtor or a dependent of debtor. In our case, debtor is represented by an attorney, but 11 USC § 524(m) creates a similar requirement, that a presumed undue hardship, created when Schedule D shows the funds are not sufficient to meet the reaffirmed payments, be overcome.

[9] Schedule A at Docket No. 14.

[10] AS 34.20.100.

MEMORANDUM REGARDING DENIAL OF
APPROVAL OF REAFFIRMATION AGREEMENTS                                    Page 3 of 4

Given the relatively high interest rate, 10.99%, reaffirmation, with its remote possibility of a deficiency judgment, would create an undue hardship as described in 11 USC § 524(m).

In any event, it would not seem cost effective for either Wells Fargo or Toyota Motor Credit to pursue a deficiency against debtor, who appears relatively judgment proof, so not having the reaffirmation agreements approved today does not seem like a great loss in the real world.

DATED: September 12, 2008

/s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Paul Paslay, Esq., for debtor
Toyota Motor Credit Corporation, 19001 S. Western Ave., Mailstop WF21, Torrance, CA 90501
Wells Fargo Financial Alaska, Inc., 4137 121st Street, Urbandale, IA 50323
William Barstow, Trustee
US Trustee
Case Mgr.
Amy McFarlane, Esq., Law Clerk

D6887

09/12/08

MEMORANDUM REGARDING DENIAL OF
APPROVAL OF REAFFIRMATION AGREEMENTS